

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00003-CV
_____

CAROLYN BARNES, Appellant

V.

MARIA SANTOS DONIHOO, Appellee

On Appeal from the 220th District Court
Hamilton County, Texas
Trial Court No. CV10310

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Appearing pro se, Carolyn Barnes appeals from a take-nothing judgment that was entered against her after a jury trial on the merits.[1]  Because Barnes is a vexatious litigant, she was required to obtain permission from a local administrative judge before filing this appeal.[2]  Our appellate record fails to demonstrate that Barnes obtained permission to appeal.  Accordingly, we must dismiss this appeal for want of jurisdiction.

A court may enter an order prohibiting a person from filing new litigation in a court in this state if the person is a vexatious litigant.  TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West 2017).  Barnes has been on the State of Texas' list of vexatious litigants since November 7, 2015. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.051–.057 (West 2017).  Pursuant to an order issued by the 353rd Judicial District Court of Travis County, Texas, Barnes is specifically prohibited from filing any new litigation, including an appeal, in a court of this State without first obtaining permission from a local administrative judge.  Order and Pre–Filing Order, *Carolyn Barnes v. Austin Am. Stateman, et al.*, No. D-1-GN-15-002626 (353rd Jud. Dist. Ct. Travis Cty. Nov. 4, 2015), *available at* http://www.txcourts.gov/media/1183404/Carolyn-Barnes-Cause-No-D-1-GN-15-002626.pdf; *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101–.103 (West 2017);

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

[2]We provided Barnes with ample opportunity to demonstrate that she had fulfilled this prerequisite.

*see also McClure v. State*, No. 06-14-00026-CV, 2015 WL 832329, at *1 (Tex. App.—Texarkana Feb. 27, 2015, no pet.) (mem. op).

A "local administrative judge . . . may grant permission to a vexations litigant subject to a prefiling order under Section 11.101 to file a litigation only if it appears to the judge that the litigation: (1) has merit; and (2) has not been filed for the purposes of harassment or delay." TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(d)(1), (2). "[A] clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexations litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge . . . permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a). Under Section 11.1035(b),

> Not later than the next business day after the date the clerk receives notice that a vexatious litigant subject to a prefiling order under Section 11.101 has filed, pro se, litigation without obtaining an order from the appropriate local administrative judge described by Section 11.102(a), the clerk shall notify the court that the litigation was mistakenly filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b) (West 2017). The court is required to dismiss the suit unless the plaintiff, within ten days after the clerk receives notice that the appeal was mistakenly filed, obtains an order from the local administrative judge permitting the filing of the litigation. *Id.*

Permission from the local administrative judge was required as a prerequisite to the filing of this appeal. Here, the appellate record failed to demonstrate that Barnes requested such permission. Noting this defect, we provided notice to Barnes on November 15, 2017, requesting that she show this Court how we had jurisdiction over this appeal. We further notified Barnes of

3

the ten-day deadline in which to file a response. Barnes has filed a response which fails to demonstrate that the proper procedure set forth in Chapter 11 of the Texas Civil Practice and Remedies Code has been followed. Accordingly, a prerequisite to filing suit was not met, and this appeal should not have been filed.

Consequently, we dismiss the appeal for want of jurisdiction.


Ralph K. Burgess
Justice

Date Submitted:     November 20, 2017
Date Decided:       December 8, 2017

4